UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DALTON ANDERS, on behalf of himself and all others similarly situated, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) Case No. 1:25-cv-468 |
| vs. | )<br>) |
| 20/20 CUSTOM MOLDED PLASTICS, LTD, | )<br>)<br>) |
| Defendant. | ) |

## COLLECTIVE ACTION COMPLAINT FOR DAMAGES

Plaintiff Dalton Anders ("Plaintiff"), by counsel, for his Collective Action Complaint for Damages, alleges and states as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a resident of Indiana.

2. 20/20 Custom Molded Plastics, Ltd. ("Defendant") is a corporation with its principal place of business in Bluffton, Wells County, Indiana.

3. The Court has subject matter jurisdiction over this action pursuant to 28 USCS § 1331, as this case arises under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

4. This Court has personal jurisdiction over Defendant because its principal place of business is in Indiana, and most or all of the acts relevant to this case took place in Indiana.

5. Venue is appropriate in this Court, because Defendant's principal place of business is in Wells County, Indiana, and most or all of the acts relevant to this case occurred in the Northern District of Indiana, Fort Wayne Division.

## BACKGROUND

6. Plaintiff incorporates the allegations of Paragraphs 1 through 5 of this Complaint as if fully restated in this paragraph.

7. Plaintiff worked for the Defendant for over one year.

8. At all relevant times, Plaintiff was a non-exempt employee.

9. During his employment, Plaintiff was eligible for and received certain attendance bonuses, each amounting to $500.

10. The attendance bonuses were based on the Plaintiff meeting certain attendance standards during a given month.

11. The attendance bonuses were uniform and non-discretionary.

12. During at least some of the months in which the Plaintiff received an attendance bonus, he worked overtime one or more workweeks.

13. However, when the Defendant calculated the Plaintiff's overtime pay for these workweeks, the Defendant failed to include the attendance bonus in the Plaintiff's regular rate of pay.

14. Nor did the Defendant ever include a catch-up payment that incorporated the attendance bonus into the Plaintiff's regular rate of pay.

15. Under the FLSA, non-discretionary bonuses like the attendance bonus at issue here must be included in the regular rate of pay when calculating overtime compensation rates.

16. The Defendant's failure to include the Plaintiff's attendance bonus in the Plaintiff's regular rate of pay for overtime purposes was a uniform practice that applied to hundreds and perhaps thousands of employees.

## COUNT I : Violation of FLSA Overtime provisions

17. Plaintiff repeats and incorporates the allegations of Paragraphs 1 through 16 of this Complaint as if fully restated in this paragraph.

18. The Defendant is an employer within the meaning of the FLSA.

19. The Defendant is engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

20. The Defendant has more than $500,000 in annual revenue.

21. The Plaintiff and similarly situated employees are employees within the meaning of the FLSA.

22. The Defendant must comply with the mandates of the FLSA as it relates to including nondiscretionary bonuses in an employee's regular rate of pay for overtime purposes.

23. The Plaintiff and similarly situated employees were non-exempt employees of Defendant and as such were entitled to an overtime premium when they worked more than 40 hours in a given workweek.

24. The Plaintiff and similarly situated employees were entitled to overtime pay at a rate of 1.5 times their regular rate of pay for each hour that they worked over 40 hours in a workweek.

25. The employees' regular rate of pay should have included their attendance bonuses during the pay periods in which they earned them.

26. However, the Defendant failed to include the attendance bonuses in the employees' regular rate of pay when calculating the amounts they were owed for overtime compensation.

27. The Defendant's failure to include the attendance bonuses in the regular rate of pay when calculating employees' overtime compensation violated the FLSA.

28. The Plaintiff and other similarly-situated employees have suffered damages as a result of the Defendant's violations of the FLSA.

WHEREFORE, Dalton Anders, by counsel, on behalf of himself and all other similarly situated employees, respectfully requests judgment against Defendant, statutory, liquidated, and other damages, attorney's fees, prejudgment and post-judgment interest, costs, and all other just and proper relief.

### FLSA Collective Action

29. The Plaintiff incorporates the allegations of Paragraphs 1 through 28 of this Complaint as if fully restated in this paragraph.

30. The Defendant has hundreds and perhaps thousands of employees.

31. The Defendant employs or has employed hundreds and perhaps thousands of nonexempt employees who were paid attendance bonuses and who worked overtime during a period for which they were paid an attendance bonus.

32. The Plaintiff and these similarly-situated were treated in a uniform manner when it came to the Defendant's failure to include attendance bonuses in their regular rate of pay for overtime purposes.

33. Like the Plaintiff, the similarly-situated employees were shorted overtime that they should have been paid under the FLSA.

34. Like the Plaintiff, the similarly-situated employees are entitled to recover damages under the FLSA.

35. The Court should approve this matter to proceed as a collective action, since common issues of law and fact predominate, and since collective treatment is a superior means of resolving the matter.

WHEREFORE, Plaintiff Dalton Anders, by counsel, on behalf of himself and all other similarly situated employees, respectfully requests judgment against Defendant, statutory, liquidated, and other damages, attorney's fees, prejudgment and post-judgment interest, costs, and all other just and proper relief.

                                      **BECKMAN LAWSON, LLP**

By: /s/ Matthew J. Elliott
      Matthew J. Elliott, #21242-02
      Noah W. Vancina, #36987-53
      201 W. Wayne Street
      Fort Wayne, IN 46802
      Telephone: (260) 422-0800
      ATTORNEYS FOR PLAINTIFF