UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DALTON ANDERS, on behalf of himself and all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| 20/20 CUSTOM MOLDED PLASTICS, LTD, | ) ) ) ) |
| Defendant. | ) |

Case No. 1:25-cv-468

## UNOPPOSED MOTION TO APPROVE COLLECTIVE ACTION SETTLEMENT

Dalton Anders, by counsel, for his Unopposed Motion to Approve Collective Action Settlement, states as follows:

1. After significant negotiations, the parties have reached a proposed settlement of this case on a collective action basis and seek Court approval of the same under 29 U.S.C. § 216(b).

2. The main terms of the proposed settlement are as follows:

    a. 20/20 shall pay each employee who opts in to the settlement 100% of the pay that they would have earned if 20/20 had included their incentive bonuses in their regular rate of pay when it calculated the overtime they were due for any period for which they earned an incentive bonus;

    b. The lookback period for the payments to the employees shall begin on November 1, 2023;

    c. Employees who opt in to the settlement will release claims related to 20/20's failure to include the incentive bonus in their regular rate of pay for overtime purposes;

1

   d. Mr. Anders shall receive a $5000 incentive payment, in addition to the overtime payment he is entitled to pursuant to section (a) above;

   e. 20/20 will pay the law firm of Beckman Lawson, LLP $40,000 for attorney's fees and expenses incurred in this case. This amount will be separate from and not reduce the payments in section (a) above.

3. All told, the settlement pool is approximately $189,000.

4. A copy of the proposed settlement agreement is attached as Exhibit 1 to the brief accompanying this motion.

5. If the settlement is approved, putative collective action members will receive the notice attached as Exhibit 1-B-1 to the brief accompanying this motion.

6. Those who opt in to the case will receive a settlement check on the terms described in the settlement agreement.

7. Putative collective action members who choose not to opt in will receive nothing and will retain all rights to bring or not bring their own claims.

8. Mr. Anders believes that the proposed settlement terms are fair and reasonable and should be approved.

9. More specifically:

   a. The settlement terms make each potential plaintiff whole in terms of what the employees would have been paid if their incentive bonuses were included in their regular rate of pay.

   b. 2020's payment of attorney's fees and Mr. Anders' service payment does not cut into the make-whole payments to the potential plaintiffs.

   c. The settlement allows for prompt payment, without years of litigation.

2

    d. The settlement looks back to November 1, 2023, which removes the risk that, in the absence of a settlement, opt in plaintiffs would be barred from recovering some or all of what they are due because of the statute of limitations.

10. The defendant agrees with the settlement and does not oppose this motion.

WHEREFORE, Plaintiff Dalton Anders respectfully requests that the Court approve the proposed settlement agreement and notice to the putative collective action members and grant all other just and proper relief.

Respectfully submitted,

By: */s/ Matthew J. Elliott*
Matthew J. Elliott, #21242-02
melliott@beckmanlawson.com
Noah Vancina, #36987-53
nvancina@beckmanlawson.com
201 West Wayne Street
Fort Wayne, IN 46802
(260) 422-0800
*Attorneys for the Plaintiff*

3

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 23rd day of December 2025, a true copy of the foregoing was served via the Court's CM/ECF system to the following person(s):

David Jordan, djordan@littler.com

Michelle Neideigh Maslowski, mmaslowski@littler.com

                                     */s/ Matthew J. Elliott*
                                     Matthew J. Elliott