**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

DALTON ANDERS,

      Plaintiff,

      v.                     CAUSE NO.: 1:25-CV-00468-HAB-ALT

20/20 CUSTOM MOLDED
PLASTICS, LTD,

      Defendant.

## OPINION AND ORDER

This matter is before the Court on an Unopposed Motion to Approve Collective Action Settlement (ECF Nos. 25, 26), which seeks dismissal of this litigation and the Court's approval of the Settlement Agreement (ECF No. 25-1) between Plaintiffs Dalton Anders ("Anders") and similarly situated coworkers, and Defendant 20/20 Custom Molded Plastics, Limited ("20/20"), in this Fair Labor Standards Act (FLSA) action brought pursuant to 29 U.S.C. § 216(b). The submission includes a supporting brief (ECF No. 25) and a supplemental brief (ECF No. 30). Also pending is Anders's earlier Motion for Conditional Certification as Collective Action. (ECF No. 5). For the reasons stated in this Order, the Court grants the Motion to Approve Collective Action Settlement (ECF No. 26), approves the Settlement Agreement (ECF No. 25-1) and denies the Motion for Conditional Certification (ECF No. 5) as moot.

### I.    BACKGROUND

Anders brought this FLSA overtime claim against 20/20 pursuant to 29 U.S.C. § 216(b) on September 4, 2025. (ECF No. 1). Anders worked as a non-exempt production employee for 20/20 during 2024 and 2025. (ECF No. 25 at 3). While working for 20/20, Anders received incentive bonuses through the company's incentive bonus policy, pursuant to which non-exempt employees

received a $500 bonus if they worked all of their scheduled shifts in a given month. (*Id.*) Anders also regularly worked overtime. (*Id.*) He alleges that, when 20/20 calculated and paid his overtime pay, it did not include any of his incentive bonuses in his regular rate of pay. Anders claims that this payroll practice was uniform and that it resulted in a shortfall in overtime pay for him and similarly-situated employees. (*Id.* at 4). Anders claims that, under the FLSA, nondiscretionary bonuses must be included when an employer calculates an employee's regular pay and that, therefore, 20/20 is in violation.

Anders filed a motion for conditional certification as a collective action on September 8, 2025 (ECF No. 5). Shortly thereafter, the parties began negotiating a resolution to the litigation— 20/20 moved for an extension of time within which to respond to the motion for conditional certification, which the Court granted. *See* ECF Nos. 18, 19. The parties then filed the instant joint motion to approve the collective action settlement, seeking both collective action certification and settlement approval. (ECF No. 26). Following a telephonic status conference between the Court and the parties, Anders filed a supplemental brief.

## II.     ANALYSIS

FLSA collective action settlement agreements require judicial approval. 29 U.S.C. § 216(b)–(c); *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986); *see also Burkholder v. City of Fort Wayne*, 750 F. Supp. 2d 990, 994–95 (N.D. Ind. 2010) (noting that "stipulated settlements in a FLSA case must be approved by the Court") (citation and quotation omitted).

Many district courts in this circuit follow a two-step process to determine whether an FLSA lawsuit should proceed as a collective action. *Benoskie v. Kerry Foods, Inc.*, 2020 WL 5769488 (E.D. Wis. Sept. 28, 2020) (collecting cases). "At step one, the court makes a conditional

certification; at step two, the court makes a final certification." *Id.* Anders filed a Motion for Conditional Certification as Collective Action in this case on September 8, 2025. (ECF No. 8). However, before the motion was fully briefed, the parties began working toward settlement. *See* ECF No. 18. The parties filed their notice of settlement on December 1, 2025. (ECF No. 23). For that reason, the parties ask for certification and approval of the settlement in a single motion—a "one-step settlement." (ECF No. 25 at 7-8).

District courts throughout this circuit have approved FLSA settlements using a one-step approval process. *See, e.g. Heuberger v. Smith*, 2019 WL 3030312, at *2 (N.D. Ind. Jan. 4, 2019) ("A one-step settlement approval process is appropriate in FLSA collective actions.") (citation omitted); *see also Prena v. BMO Fin. Corp.*, 2015 WL 2344949 (N.D. Ill. May 15, 2025); *Knox v. Jones Grp.*, 2017 WL 3834929 (S.D. Ind. Aug. 31, 2017). As a Northern District of Illinois court explained, collective actions brought pursuant to 29 U.S.C. § 216(b) differ from class actions brought pursuant to Rule 23, as the collective actions require workers to affirmatively opt in to the litigation. *See Briggs v. PNC Fin. Servs. Grp., Inc.*, 2016 WL 7018566, at *1 (N.D. Ill. Nov. 29, 2016). Because the failure to opt in to an FLSA lawsuit does not prevent potential members of the collective action from bringing their own suits in the future, FLSA collective actions do not implicate the same due process concerns as do Rule 23 actions. *Id.* (collecting cases). Therefore, a one-step settlement is appropriate in such situations.

As courts in this District have explained, pursuant to the "one-step" process, certification of a collective action class is a prerequisite to approving a collective action settlement, though the certification and settlement approval can happen in the same order, without a final approval hearing. *See Heuberger*, 2019 WL 303031; *Chen v. Genesco, Inc.*, 2020 WL 360517 (S.D. Ind.

Jan. 22, 2020). Therefore, the Court will first certify the collective action class before turning to the settlement itself.

### A. Certification

To maintain a collective class under the FLSA, plaintiffs must demonstrate that they are "similarly situated." *Heuberger*, 2019 WL 303031, at *2. In reaching this determination, the Court "may weigh several factors, including: (1) the disparate factual and employment settings of the individual plaintiffs, (2) the various defenses available to the defendant which appear to be individual to each plaintiff, and (3) fairness and procedural considerations." *Id.* The proposed collective class here includes:

> All former or current non-exempt employees of 2020 Custom Molded Plastics, LLC or any predecessor company who, at any point since November 1, 2023, received at least one incentive bonus covering a period during which they also worked more than forty (40) hours in at least one week, if the incentive bonus was not incorporated into the regular rate of pay when calculating the employee's overtime pay for that period.

ECF No. 25 at 6. This proposed class is similarly-situated in all relevant respects, as the definition covers all those who would have been able to bring the same claim as Anders—those who received at least one incentive bonus during a period in which they were also eligible for overtime pay, and whose incentive bonus was not incorporated into the regular rate of pay when 20/20 calculated their overtime pay for that period.

During a telephonic status conference held on June 11, 2026, the Court asked counsel to submit a supplemental brief explaining the reasoning behind limiting the proposed collective action class to those who claim shorted pay beginning on or after November 1, 2023, particularly considering that the cut-off date included in the initial motion for conditional certification was October 1, 2022. (ECF No. 29). Anders's counsel submitted the brief on June 19, 2026, explaining that the November 2023 date was chosen because of the opt-in nature of an FLSA collective action,

4

which means that the statute of limitations continues to run until plaintiffs opt in to the case. The Court accepts the explanation and finds that this cut-off date is fair.

### B. Settlement Approval

The Court also finds the Settlement Agreement to be substantively fair. When determining the fairness of the Settlement Agreement, a court considers "whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Campbell v. Advantage Sales & Mktg. LLC*, 2012 WL 1424417, at *2 (S.D. Ind. Apr. 24, 2012) (citing *Burkholder*, 750 F. Supp. 2d at 995). A reviewing court normally approves a settlement where it is based on "contentious arm's length negotiations, which were undertaken in good faith by counsel" and where "serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation." *Id*. (quoting *Reyes v. Buddha–Bar NYC*, 2009 WL 5841177, at *3 (S.D.N.Y. May 28, 2009)) (additional citation and quotation marks omitted).

Anders alleges that he and similarly-situated coworkers received certain incentive bonuses while they worked for 20/20 and that, during the same period of time, they also worked overtime. ECF No. 25 at 1. Because the incentive bonuses were non-discretionary, Anders alleges that 20/20 should have included them as part of his regular rate of pay when calculating the overtime that he was due. *Id.* He also alleges that 20/20 did not include the incentive bonuses in its overtime calculation, for Anders or for the similarly-situated employees. *Id.* 20/20 has denied these allegations. *Id.* The case is in its infancy and has not proceeded through discovery.

The parties, after an arms-length negotiation, elected to resolve the case to avoid additional cost and time involved in litigating liability and damages and to avoid the risks for both parties associated with continued litigation. As settlement of the claim, 20/20 will pay non-exempt

employees who opt-in to the settlement the amount that each employee who worked at least one week of overtime during a period in which they also received an incentive bonus would have received, in addition to the pay they already received, if 20/20 would have included the employee's incentive bonus in his or her regular rate of pay when calculating the overtime that he or she was due. (ECF No. 25-1 at 3). 20/20 has also agreed to pay the attorney's fees and costs. *Id.* Anders, the named plaintiff, will also receive $5,000 as a service payment. In exchange, claimants will waive liquidated damages and the ability to go back three years. (ECF No. 25 at 10). Those who do not join the settlement by opting in will not be bound by the release.

This case was resolved early. However, examining the pertinent factors, the Court concludes that the Settlement Agreement is fair and reasonable and does not represent a mere waiver of statutory rights brought about by an employer's overreaching. The award to the employees who opt into the settlement represents the full amount that the complaint alleges they would have been paid had 20/20 calculated overtime correctly.

The proposed service award to the named Plaintiff is also approved. Courts award service payments to named plaintiffs to reward them for their time and effort spent recovering money on behalf of a class or collective action, as well as the risks they incur by filing a lawsuit in their own name. *See Espenscheid v. DirectSat USA, LLC*, 688 F.3d 872, 876-77 (7th Cir. 2012). Anders expended time and effort litigating the case on behalf of the potential collective action members up until this point, and the proposed $5,000 is a small percentage of the overall settlement pool.

The court also finds the attorney fee proposed to be reasonable. The settlement agreement contemplates a fee award equal to one-third of the total settlement amount, a percentage well within the range typically charged by counsel as a contingency fee in such cases. Further, 20/20

has agreed to pay the attorney fees and costs incurred by counsel for Anders and the other opt-in plaintiffs outside of the settlement pool, allowing for a full recovery on the part of the employees.

Litigating this case to its conclusion on the merits, which would include discovery and a lengthy opt-in process, would likely entail considerable time and expense. The value of an immediate recovery outweighs the mere possibility of additional relief that might be obtained after litigating the matter further at the trial court level. The parties are represented by competent and experienced counsel, who have fully examined the claims in this case.

The proposed Settlement Notice is also approved. (ECF No. 25-1). It sufficiently informs the potential collective action members of the terms of the settlement, including how they may participate, the estimated amount to which they are entitled under the allocation formula, the scope of the release, the service award, and the attorney's fee award.

The Court concludes the parties' proposed Settlement Agreement is fair and reasonable and approves the Settlement Agreement.

### III.    CONCLUSION

For the reasons stated above, the Court:

(1) GRANTS the Motion to Approve Collective Action Settlement (ECF No. 26)

(2) APPROVES the parties' Settlement Agreement (ECF No. 25-1); and

(3) DENIES the Motion for Conditional Certification (ECF No. 5) as moot.


SO ORDERED on June 24, 2026.

s/ *Holly A. Brady*_____
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

7